Ronald L. Israel
Wolff & Samson PC
140 Broadway, 46th Floor
New York, NY 10005
973-325-1500
Attorneys for Plaintiffs
Bravado International Group Merchandising
Services, Inc., Beyonce, Inc. and Beyonce Knowles

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/26/09

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

BRAVADO INTERNATIONAL GROUP
MERCHANDISING SERVICES, INC.,
BEYONCE, INC. and BEYONCE
KNOWLES,

                Plaintiffs,

v.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANIES 1-100,

                Defendants.

Case No.: 09-cv-05543 (JGK)

**ORDER OF PRELIMINARY
INJUNCTION AND ORDER OF SEIZURE**

Plaintiff Bravado International Group Merchandising Services, Inc. ("Bravado"), Beyonce, Inc. and Beyonce Knowles (collectively "Plaintiffs") having moved by Order to Show Cause for an injunction enjoining and restraining the defendants, and those acting in concert with them, from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness, and trademarks (collectively, the "Trademarks") of the musical performer known as Beyonce Knowles and/or Beyonce (the "Artist"), and service of the summons and complaint having been effected upon the defendants; and Plaintiffs' application for a preliminary injunction and order of seizure having come on for a hearing before the Honorable

1188450.1

*10:10*

john G. Koeltl, United States District Judge, on the 26th day of June, 2009, at ~~9:30~~ AM at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007-1312, in Courtroom 12B, and defendants having been notified of said hearing, and Plaintiffs having appeared by their counsel, and there having been no other appearances;

**NOW**, on presentation and consideration of Plaintiffs' application for a preliminary injunction and order of seizure, the declarations submitted in support thereof, and the entire record in this case, the Court finds as follows:

1. By reason of the long, substantial and continuous use of the Artist's name, the said name has acquired a meaning identified with the Artist and with products and services associated with them;

2. The defendants, and those acting in concert or participation with them, have infringed upon Plaintiffs' and the Artist's rights in the Artist's Trademarks and rights of publicity, and have as well committed acts of unfair competition against the Plaintiffs and the Artist, by manufacturing, distributing, offering for sale, and selling unauthorized merchandise bearing the Artist's Trademarks (the "Bootleg Merchandise") at or near the sites of the Artist's concerts, without having obtained a license or any other authorization to do so;

3. The said acts of the defendants, and those acting in concert or participation with them, constitute a violation of the Lanham Act, 15 U.S.C. § 1125(a), in that they:

    (a) involve goods or services;

    (b) are activities which affect interstate commerce; and

    (c) are likely to cause confusion or deception as to the origin of the Bootleg Merchandise in that they falsely represent that such

merchandise is made by, sponsored by, or otherwise associated with the Artist or the Plaintiffs;

4. Defendants, and those acting in concert or participation with them, will continue to sell such unauthorized Bootleg Merchandise in connection with the Artist's concerts unless enjoined by the Court; ~~and~~ *and Plaintiffs will have shown a likelihood of success on the merits of this action and will suffer irreparable injury in the absence of this preliminary injunction;*

5. Copies of the Court's June 17, 2009 Order to Show Cause, and the Summons and Complaint have been served upon the defendants, and Bootleg Merchandise has been obtained from the defendants;

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendants, their agents, servants, employees, attorneys, successors, assigns, and all persons, firms, and corporations acting in concert or participation with said defendants, are enjoined and restrained from:

(i) Using the Artist's Trademarks in connection with the sale, offering for sale, distribution, or advertising of any clothing or other merchandise; or

(ii) Manufacturing, distributing, selling, or holding for sale any clothing or other merchandise which carries or otherwise uses the Artist's Trademarks; or

(iii) Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED** that the United States Marshal for this district and the United States Marshal for any district in which Plaintiffs seek to enforce this order, upon Plaintiffs' advancing such sum as is required to cover their fees and expenses, or local law enforcement officials, Plaintiffs' counsel, representatives, or individuals acting under their respective authorization or supervision, are authorized, and the appropriate local or state police and other law enforcement authorities are hereby similarly authorized, to seize and impound any and all Bootleg Merchandise bearing the Artist's Trademarks which defendants, or their

3

1188450.1

agents, servants, employees, successors and assigns, and all those acting in concert or participation with them, attempt to sell or are holding for sale in the vicinity of the Artist's concerts or elsewhere where such Bootleg Merchandise is being sold, held for sale, or is otherwise found, including any carton, bag, container, or other means of carriage in which the Bootleg Merchandise is transported or stored.

**IT IS FURTHER ORDERED** that such confiscated Bootleg Merchandise shall be delivered to Plaintiffs' counsel or representatives, or their designees, pending final disposition of this action. All clothing, jewelry, photographs, posters and other merchandise bearing the Artist's Trademarks which is sold, or held for sale, in the vicinity of the Artist's performance locations, or elsewhere where such merchandise is held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this order.

**IT IS FURTHER ORDERED** that this preliminary injunction is conditioned upon personal service of a copy of this Order and the Summons and Complaint being made upon the defendants or other persons enjoined hereby contemporaneously with the seizure authorized herein.

**IT IS FURTHER ORDERED** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiffs, or to Plaintiffs' authorized representative, pending final disposition of this matter.

**IT IS FURTHER ORDERED** that the injunctive and seizure provisions of this order shall expire upon conclusion of the Artist's concert performance tour on August 2, 2009, unless otherwise extended by further order of this Court.

4

1188450.1

**IT IS FURTHER ORDERED** that the undertaking in the amount of $20,000.00 heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order is hereby continued until final disposition of this matter or further order of this Court.

*IT is further ordered that the plaintiffs will report to the Court on the status of this case by August 14, 2009.*

_____
JOHN G. KOELTL, U.S.D.J.

Dated: New York, New York
       June 26, 2009
       10:28

1188450.1